IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUAN BRADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV393 |
| | ) | |
| v. | ) | |
| | ) | |
| BRENDA STOXSTELL, CHARLOTTE STOXSTELL, MAURICE STOXSTELL, SHEILA BRADLEY and KELLY BRADLEY, | ) ) ) ) | MEMORANDUM OPINION |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on its own motion. On October 19, 2010, the Court required plaintiff to show cause why he is entitled to proceed in forma pauperis ("IFP") pursuant to the provisions of 28 U.S.C. §1915(g) ("§ 1915(g)") (Filing No. 6). Plaintiff filed a response to the Court's memorandum and order (Filing No. 7). The Court has carefully reviewed plaintiff's response and finds that this matter should be dismissed.

## I. BACKGROUND

On October 14, 2010, while incarcerated, plaintiff filed a Complaint (Filing No. 1) and a motion for leave to proceed IFP (Filing No. 2). On October 19, 2010, the Court determined that plaintiff was not permitted to proceed IFP without first meeting the provisions set forth in § 1915(g)

(Filing No. 6). This determination was based on the finding that plaintiff brought the following four frivolous cases while incarcerated:

- *Bradley v. Urbom, et al.*, Case No. 8:92CV54 (D. Neb.), dismissed as frivolous on March 10, 1992.

- *Bradley v. The Senate, et al.*, Case No. 8:92CV96 (D. Neb.), dismissed as frivolous on May 7, 1992.

- *Bradley v. U.S. District Court, et al.*, Case No. 8:92CV127 (D. Neb.), dismissed as frivolous on March 13, 1992.

- *Bradley v. Urbom, et al.*, Case No. 8:92CV188 (D. Neb.), dismissed as frivolous on April 13, 1992.

Plaintiff was ordered to either show cause why he is entitled to proceed IFP or pay the full $350 filing fee (Filing No. 6). The Court informed plaintiff that if he failed to show cause or pay the $350 filing fee by November 18, 2010, his case would be dismissed without further notice. (*Id.* at CM/ECF p. 2.) On October 22, 2010, plaintiff filed a response to the Court's October 19, 2010, memorandum and order (Filing No. 7).

## *II.    ANALYSIS*

A prisoner may not bring a civil action and proceed IFP if the prisoner has, on three or more occasions, while incarcerated, brought an action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. § 1915(g). An exception is made for prisoners who are under imminent danger of serious physical injury. *Id*.

-2-

In its October 19, 2010, memorandum and order, the Court ordered plaintiff to show cause why his case should not be dismissed pursuant to § 1915(g) (Filing No. 6). The Court listed four cases brought by plaintiff that were dismissed as frivolous. (*Id*. at CM/ECF p. 1.) For plaintiff to proceed IFP, he needed to show that at least two of the four dismissed cases do not meet the criteria set forth in § 1915(g) or, alternatively, that he faces imminent danger of serious physical injury.

In his response, plaintiff did not deny that, while incarcerated, he filed four frivolous cases. Instead, plaintiff states that his family is "plotting to kill him and hide." (Filing No. 7.) Plaintiff also alleges that the undersigned Judge is "racist." (*Id*.) These general assertions are insufficient to invoke the exception to § 1915(g). In short, plaintiff has not shown that he is entitled to proceed IFP, nor has he paid the full $350 filing fee. For these reasons, this matter must be dismissed. A separate order will be entered in accordance with this memorandum opinion.

DATED this 30th day of November, 2010.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court